UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD M. WILKINSON, | No. 2:17-cv-00606-GGH |
| Petitioner, | ORDER[1] |
| v. | |
| JOE LIZARRAGA, | |
| Respondent. | |

INTRODUCTION AND SUMMARY

Petitioner was convicted of failure to register annually as a sex offender, and possession of a controlled substance after pleading no contest; he was sentenced on January 7, 2017 to an incarceration term of 4 years and 8 months. ECF No. 1 at 1. The records he filed with his petition reflect that he has exhausted his state remedies for the portion of the claim now in this court challenging the failure of the trial court to establish a factual basis for his guilty plea in the trial court. This appeal was denied by the Third District Court of Appeals on October 11, 2016, Lodged Document ["Lod. Doc."] No. 5 at 55, as was the petition for review by the California Supreme Court on December 21, 2016. Id. at 60.

Petitioner includes a document in his petition which claims that he filed a petition for a

---

[1] This case is before the undersigned pursuant to consent jurisdiction, 28 U.S.C. section 636(c).

1

writ of mandamus/habeas corpus that the Butte County Superior Court "failed or refused to file." A copy of that petition which is dated December 20, 2016, id. at 96-101, contains no file stamp date from the Superior Court. In that document he raises for the first time the claim that California Department of Corrections and Rehabilitation ["CDCR"] denied an administrative claim that his assignment to post-incarceration supervision violates his plea agreement, ECF No 1 at 2-5, and he attaches several communications between petitioner and the CDCR regarding this claim. Id. at 61-95.

Finally, in his traverse, petitioner attempts to squeeze out yet another claim—that his plea was not voluntarily made, but in this case, the issue as petitioner briefs it, is whether the plea was made on a knowing or intelligent basis on account of an asserted failure to apprise petitioner of his "mandatory" supervised release.

Respondent is correct that the alleged unlawful sentence issue is unexhausted. The undersigned finds the same for the traverse raised issue surrounding the "voluntariness" of the plea. However, these latter two issues are devoid of merit, and may be decided adversely to petitioner regardless of their unexhausted status. 28 U.S.C. section 2254 (b)(2).

For the reasons set forth herein, the petition should be denied.[2]

## FACTUAL BACKGROUND

The facts with regard to the exhausted issue of the validity of the lack of a factual basis for the plea as set forth in the Third District Court of Appeal's unpublished decision are used here as they accurately describe the circumstances underlying this portion of the habeas petition.

> Defendant Todd Martin Wilkinson pleaded no contest to the crime of transient failure to register annually as a sex offender (Pen. Code, § 290.011, subd. (c))[3] in

---

[2] The undersigned appreciates the electronic filing of the record in this case by Respondent's attorney. Such filing reduces the expense of paper copies, not to mention its conservation benefits, as well as the saving of time in running paper files up and down from the Clerk's office. The undersigned will explore amending the local rules to allow the filing of records under 500 pages in electronic form. At the very least, the undersigned will commence to issue a special order in his cases permitting the filing of under 500 page records in electronic form in lieu of paper filings.

[3] Undesignated statutory references are to the Penal Code.

2

Butte County Superior Court case No. CM043833 (case No. 833), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in Butte County Superior Court case No. CM043987 (case No. 987). On appeal, defendant contends the trial court erred by not inquiring into the factual basis for the plea and asks the matter be remanded for such inquiry.

We agree the trial court erred in not conducting an inquiry into the factual basis for defendant's plea. That error, however, was harmless. We affirm the judgment.

DISCUSSION

Section 1192.5 provides that if the trial court approves a negotiated plea, it must independently inquire whether a factual basis exists for a guilty plea. "The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met. [Citation.]" (People v. Palmer (2013) 58 Cal.4th 110, 118 (Palmer).) In effect, section 1192.5 requires the court to "'satisfy itself ... that there is a factual basis for the plea.'" (People v. Holmes (2004) 32 Cal.4th 432, 435 (Holmes).)  The purpose of the inquiry is "to '"protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged."'" (People v. Wilkerson (1992) 6 Cal.App.4th 1571, 1576.)

"[T]he law 'does not require the trial court to interrogate a defendant personally in an element by element manner about the factual basis for his guilty plea. . . .'" (People v. Calderon (1991) 232 Cal.App.3d 930, 935.) Instead, "[t]he factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges." (Holmes, supra, 32 Cal.4th at p. 441, fn. omitted.)

The trial court's finding that there is a factual basis for the plea is reviewed for abuse of discretion. (Holmes, supra, 32 Cal.4th at pp. 442-443.) "A finding of error under this standard will qualify as harmless where the contents of the record support a finding of a factual basis for the [negotiated] plea. [Citations.]" (Id. at p. 443; People v. Coulter (2008) 163 Cal.App.4th 1117, 1122.)

At the plea hearing, the court did not conduct an inquiry to confirm a factual basis existed for defendant's no contest plea, but the error was harmless, as the felony complaints each provided a sufficient factual basis for defendant's plea. In count 1 of the felony complaint in case No. 833, the People alleged that "[o]n or about March 27, 2015, in the above named Judicial District, the crime of transient failure to register annually, in violation of Penal Code section 290.11(c), a Felony, was committed by [defendant], who being a person who, based upon a felony conviction and juvenile adjudication, registered as a person without a residence

and who subsequently failed to register annually on his birthday, in accordance with section 290.012."

In count 1 of the felony complaint in case No. 987, the People alleged that "[o]n or about September 21, 2015, in the above named Judicial District, the crime of possessing a controlled substance after a specified prior conviction, in violation of Health and Safety Code Section 11377(a), a Felony, was committed by [defendant], who did possess methamphetamine, a controlled substance, and who previously had been convicted of an offense requiring registration pursuant to Penal Code Section 290(c)" along with a list of defendant's prior convictions. Defendant expressly acknowledged that he was pleading no contest to transient failure to register annually and possession of a controlled substance. Defendant also admitted on the record that he was previously convicted of possessing a controlled substance.

Moreover, defendant acknowledged that when he initialed and signed the plea form he discussed the case with his attorney and had no further questions. Defendant acknowledged that he understood his constitutional and statutory rights and agreed to waive them. In the plea form, appellant stipulated to a factual basis for his plea and that the trial court "may take facts from probation reports, police reports or other sources as deemed necessary to establish the factual basis." (See Palmer, supra, 58 Cal.4th at pp. 117-119 [factual stipulation by counsel without reference to documents establishing factual basis for plea is adequate to establish a factual basis for the defendant's guilty or nolo contendere plea].) This stipulation was not made by counsel, but by defendant himself.

A trial court is afforded flexibility in establishing a factual basis for the plea, as the primary goal of section 1192.5 is to "assur[e] that the defendant entered the plea voluntarily and intelligently." (Palmer, supra, 58 Cal.4th at p. 119.) And here, the complaint and plea agreement, along with the statements made by the court, defendant, and counsel for both defendant and the People, show defendant entered the plea voluntarily and intelligently.

We thus conclude the trial court's error in failing to conduct a factual basis inquiry was harmless.

## LEGAL STANDARD

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), clearly established federal law consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1095 (9th Cir. 2013) (*citing* Greene v. Fisher, ___ U.S. ____, ____, 132 S.Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (*citing* Williams v. Taylor, 529 U.S. 362, 405–06 (2000)). Circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 459 U.S. 58, 64 (2013) (citing Parker v. Matthews, 567 U.S. 37, 48 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id.

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be

5

unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).[4] Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Id. at 101. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Harrington, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859. If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may

---

[4] The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)). It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338, 126 S.Ct. 969, 974 (2006).

consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Rather, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 292 (2013).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 8 (2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Id at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 562 U.S. at 98. A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Harrington, 562 U.S. at 98. This court "must determine what arguments or theories...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102. When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860.

With these principles in mind, the undersigned turns to the merits of the pending petition.

## DISCUSSION

A. *The Lack of a Factual Basis*

The lack of a factual basis in a plea proceeding, absent protestations of innocence from the defendant, does not raise a cognizable, constitutional claim in habeas corpus. Loftis v. Almager, 704 F.3d 645 (9th Cir. 2012). That is the end of the issue here.[5] Claim 1 (directly contesting the lack of a factual basis) should be denied.

B. *Post-Incarceration Supervision as a Violation of the Plea Agreement*

The Supreme Court has held that a refusal by state authorities to adhere to the terms of a plea agreement sets forth a constitutional issue. Santobello v. New York, 92 S. Ct. 495, 498-99 (1971).

Although petitioner's claim that the imposed post-incarceration supervision violates his plea agreement is unexhausted, it is also devoid of merit. In his written plea form, petitioner acknowledged: "I understand that if I am sentenced to imprisonment to State Prison, upon release I will be subject to a period of 3 years State Parole/Post-Release Community Supervision with up to one year return to prison for every parole violation." ECF 9 at 25, 33. Petitioner initialed this. Petitioner was advised of his post-incarceration supervision requirement. ECF 9 at 44. Petitioner admitted in open court that he read and initialed the plea form. He was told straight up at sentencing that after his incarceration, he would report to the Butte County probation department

---

[5] The undersigned recognizes that Loftis contained a lead opinion, a concurrence in the result, and a dissent. However, the concurrence was only concerned that the lead opinion had gone too far in finding that a West plea was included in the lead filing's reasoning. There is no need to explicate the nature of a West hearing as such is not at all applicable here. In any event, if left to his own thoughts, the undersigned would adopt the reasoning of the lead opinion. Moreover, and dispositively, in the AEDPA context, Loftis makes clear that the Supreme Court has not decided the issue; therefore, the issue is, again, non-cognizable.

for his supervision. ECF 9 at 85-86.

The sole basis for petitioner's contention that he did not believe he would be sentenced with an additional term of supervision appeared right after that advisement in which he was told that he would be subject to three years supervision after he was released from incarceration (ECF 85-86) (emphasis added):

> And pursuant to 1170(h) he'll be on Post Release Community Supervision for a period of 3 years following his release.
>
> THE DEFENDANT: In *conjunction* with the stipulated sentence; correct?
>
> THE COURT: *Altogether*, yeah. We're just *adding* the fines, fees and *conditions of parole*, basically. It's not called parole, all right.

Whatever petitioner meant by the word "conjunction,"[6] it is clear that the judge answered back (as well as immediately before) that the terms of "parole," i.e., supervision, would be *additive*. When one also reflects upon the previous record where it was clear that supervision would be appended onto the incarceration, anyone with ordinary reasoning, would understand this. And, petitioner declares himself to have this reasoning power. ECF No. 11 at 3. Finally, the common sense understanding of parole or supervision after release indicates that it occurs, of course, after incarceration.

Claim 2 should be denied.

C. *Plea was not Voluntary, i.e., Knowing and Intelligent, Because Petitioner Was Not Told That the Supervision Term Was "Mandatory."*

As referenced previously, this claim was not raised until the traverse, and it is unexhausted. However, again, like Claim 2, it is without merit.

Petitioner was apprised, as he concedes, that he was informed in writing which he initialed, and by the judge orally, that he would be "subject to" a terms of supervised release after his incarceration. Nevertheless, petitioner believes his plea to be faulty because the word

---

[6] "The act of conjoining; combination." *Dictionary .com*

"mandatory," was not used. Of course, he was told by the judge that: "He's [*he is*] to report to the Butte County 20 Probation Department within two working days of his release from the Department of Corrections." ECF 85; "And pursuant to 26 1170(h) he'll be [*he will be*] on Post Release Community Supervision…." Id. Petitioner was not given a choice; supervision was not an option. In other words, it was mandatory.

Habeas corpus exists to correct manifest injustices; it is not a proceeding for word games. Claim 3 should be denied.

## CONCLUSION

In light of the foregoing IT IS HEREBY ORDERED that:

1. The petition is DENIED;
2. No Certificate of Appealability shall issue;
3. The Clerk of the Court shall close this case.

Dated: November 13, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE